```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA           :
              - v. -               :
JOSE EVARISTO LINARES CASTILLO,    :
    a/k/a "Don Evaristo,"
    a/k/a "Don Eva,"               :
    a/k/a "Eva,"
                                   :
              Defendant.
                                   :
- - - - - - - - - - - - - - - - - -x
```

JUDGE SULLIVAN

INDICTMENT

S1 11 Cr. 1054

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 6 2012

COUNT ONE

The Grand Jury charges:

1. From at least in or about 2006 up to and including the date of the filing of this Indictment, in Venezuela and elsewhere, JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, who will be arrested and first brought to the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, and others known and unknown, would and did possess with the intent to distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, on board an aircraft owned by a United States citizen and registered in the

United States, in violation of Sections 812, 959(b), and 960(b)(1)(B) of Title 21, United States Code.

3. It was further a part and an object of the conspiracy that JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

4. It was further a part and an object of the conspiracy that JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, and into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 959(a), 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

OVERT ACTS

5. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a. In or about 2009, on multiple occasions JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, arranged for the transport of a number of airplanes carrying 500 to 1,000 kilograms of cocaine each from Venezuela to Honduras.

   b. In or about December 2010, JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, caused approximately $250,000 in cash to be delivered in connection with a narcotics transaction.

   c. In or about October 2011, a co-conspirator not named as a defendant herein sent a text message to JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, with a photograph of an airplane registered in the United States.

(Title 21, United States Code, Sections 959(c) and 963, and Title 18, United States Code, Section 3238.)

FORFEITURE ALLEGATION

6. As a result of committing the controlled substance offense alleged in Count One of this Indictment, JOSE EVARISTO LINARES CASTILLO, a/k/a "Don Evaristo," a/k/a "Don Eva," a/k/a "Eva," the defendant, shall forfeit to the United States,

pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

7.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____            _____
FOREPERSON                        PREET BHARARA
                                  United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

JOSE EVARISTO LINARES CASTILLO,
a/k/a "Don Evaristo,"
a/k/a "Don Eva,"
a/k/a "Eva,"

Defendant.

### INDICTMENT

S1 11 Cr. 1054

21 U.S.C. § 963

PREET BHARARA
United States Attorney.

Foreperson

4/26/12 FILED INDICTMENT ASSIGNED TO J. SULLIVAN
ARREST WARRANT ISSUED. COTT, USMJ